Filed 8/18/25 Dynamic Meds v. The City of Perris CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DYNAMIC MEDS, INC., | D084808 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CVRI2202067) |
| THE CITY OF PERRIS et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Riverside County, Christopher B. Harmon, Judge. Affirmed.

Law Offices of Lawrence R. Bynum and Lawrence R. Bynum, for Plaintiff and Appellant.

Aleshire & Wynder, Michael R. Linden and Priscilla George, for Defendants and Respondents.

Dynamic Meds, Inc. (Dynamic) appeals from an order denying the motion for attorney fees that Dynamic filed after the trial court granted Dynamic's petition for writ of mandamus against the City of Perris (the City) and the City's Planning Manager, Kenneth Phung.

We conclude that Dynamic has not identified any basis for an award of attorney fees in its favor, and we accordingly affirm the trial court's order.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Dynamic applied to the City in 2017 for a permit to operate a medical marijuana dispensary, and in 2018 it applied to the City for a permit to operate an adult-use marijuana dispensary. The City conditionally approved the permits in 2018 and 2019, respectively. The conditions attached to the permits included, among other things, that Dynamic obtain a certificate of occupancy and a business license and that it conform to approved project site plans and floor plans.

On September 7, 2021, the City sent Dynamic a notice stating that it was "officially revoking the Medical Marijuana Dispensary Permit Application and Adult Use Regulatory Retailer Permit Application . . . due to abandonment of the renewal application." The City's notice explained that Dynamic had not fulfilled the conditions set forth in the conditionally issued permits. The City also explained that Dynamic had been operating illegally before obtaining final approval to do so, that Dynamic must "cease its operations," and that "failure to do so may result in Code Enforcement action and referral to the City Attorney's Office for legal action." However, the record contains no indication that the City ever instituted a code enforcement action or any other legal action.

Dynamic attempted to appeal the City's revocation of its conditional permits to the City's planning commission. In its notice of appeal, Dynamic cited section 5.58.170 of the City's municipal code, which states that "[a]ny decision regarding approval, conditional approval, denial, suspension or revocation of a commercial marijuana operation permit may be appealed to

2

the planning commission."[1]  (Perris Mun. Code, § 5.58.170.)  However, the City rejected the appeal, without considering the merits.  It stated that "there is no right to appeal an abandoned commercial marijuana permit or abandoned medical marijuana dispensary permit" and that, "[a]s such, there is no avenue for an administrative review."

Dynamic then commenced this action by filing a petition for writ of mandate and complaint for declaratory relief against the City and Phung. Dynamic specifically sought (1) a writ of mandate "compel[ling] the [the City and Phung] to rescind their alleged revocation and grant Dynamic additional time to complete the conditions of approval," and (2) a declaration as to "whether the permits were actually abandoned" and whether Dynamic should be allowed to "complete development" to fulfill the permit conditions.

The trial court granted relief in part.  It concluded that the City had "improperly framed the revocation as an 'abandonment' of the permit applications."  Instead, in the trial court's assessment, the City had *revoked* the conditional permits, and Dynamic was therefore entitled to file an appeal with the City's planning commission pursuant to the provisions of the City's municipal code that apply to revocation of a permit.  The trial court remanded the matter back to the City with directions that it comply with the municipal code provisions that provide for an appeal.

Dynamic then filed a motion for attorney fees against the City. Dynamic argued that (1) it was the prevailing party; and (2) that a provision of the City's municipal code authorized an award of attorney fees to the prevailing party in the circumstance presented here.  The trial court denied

---

[1]     Section 5.54.180 of the City's municipal code provides for a right of appeal in the same circumstances with respect to a medical marijuana dispensary permit.  (Perris Mun. Code, § 5.58.180.)

3

the motion. The trial court explained that (1) Dynamic had not identified any applicable provision allowing an award of attorney fees; and (2) in any event, Dynamic was not a prevailing party because it had not obtained "the primary relief sought" in its lawsuit because the trial court "did not rescind the revocation or otherwise rule on the propriety of the revocation itself."

Dynamic appeals from the order denying its motion for attorney fees.[2]

## II.

## DISCUSSION

Dynamic contends that the trial court erred regarding both components of its ruling, namely, (1) that no provision authorizes a fee award in this case; and (2) Dynamic was not a prevailing party.

The trial court's determination that Dynamic was not a prevailing party is reviewed for abuse of discretion. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.) However, we apply a de novo standard of review to the trial court's determination that Dynamic identified no statutory basis for an award of attorney fees in this action. (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751.)

" 'California follows the "American rule," under which each party to a lawsuit ordinarily must pay his or her own attorney fees." (*Martinez v. SAI Long Beach B, Inc.* (2025) 108 Cal.App.5th 367, 373–374; see also Code Civ. Proc., § 1021.) Exceptions to this rule are set forth in Code of Civil Procedure sections 1032 and 1033.5, which specify that an award of costs to a prevailing party may include attorney fees where authorized by contract or statute.

---

[2] Dynamic's notice of appeal attached a copy of the trial court's tentative ruling denying the motion, but we subsequently issued an order construing the notice of appeal as taken from the trial court's final order adopting its tentative ruling as its ruling.

4

Specifically, Code of Civil Procedure section 1032, subdivision (b) states that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).)[3] Code of Civil Procedure section 1033.5, subdivision (a)(10) states that allowable costs include "Attorney's fees, when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law." (*Id.*, § 1033.5, subd. (a)(10).)

Dynamic contends that it is entitled to attorney fees pursuant to statute. Specifically, Dynamic relies on provisions that appear in Chapter 1.17 of the City's municipal code. (Perris Mun. Code, § 1.17.001 et seq.) That chapter sets forth the laws governing the City's authority to file a civil enforcement lawsuit to abate a public nuisance. Section 1.17.010, subdivision (a) states, "If an enforcement officer has issued a notice of public nuisance to a responsible person and the corrective or abatement work specified in the notice has not been completed within the time stated therein, the city, . . . may commence a civil action . . . to prevent, restrain, correct, and/or abate the code violation or public nuisance, and to recover enforcement and abatement costs, *including reasonable attorneys' fees and costs*, as well as any other damages and relief to which the city may be entitled." (Perris Mun. Code, § 1.17.010, subd. (a), italics added.)

Subdivision (c) of section 1.17.010 more fully details the relief that the City may seek in a civil enforcement action to abate a public nuisance, including an award of attorney fees.

---

3    When, as here, "any party recovers other than monetary relief . . . the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties on the same or adverse sides." (Code Civ. Proc., § 1032, subd. (a)(4).)

5

"(c) Relief sought. The city may seek any order or judgment from a court against any responsible person that is reasonably likely to prevent, restrain, correct, or abate the violation or public nuisance or to compensate the city therefore including, but not limited to, any and all of [the] following:

"(1) Injunctive relief, including temporary restraining orders, preliminary injunctions, and permanent injunctions to restrain and enjoin the responsible person from causing, permitting or continuing a public nuisance, from using or occupying any real property, buildings, dwellings or structures in violation of the code, from engaging in specified actions which are reasonably likely to lead to a violation of the Perris Municipal Code or any ordinance of the city, or from any act or omission which threatens or endangers the public health, safety or welfare;

"(2) Orders requiring the correction of a code or ordinance violation or abatement of a public nuisance by repairing, rehabilitating, razing, demolishing or removing any building or structure, or by grading, clearing, grubbing or cleaning any real property by removing trash and debris, by ceasing any use or activity that is in violation of the provisions of this code or by other appropriate remedy approved by the court;

"(3) Judgments for recovery of damages incurred by the city, awards of enforcement costs and any abatement costs, *and reasonable attorneys' fees incurred by the city related to the code or ordinance violation or public nuisance*, and for such other and further relief as the court may grant." (Perris Mun. Code, § 1.17.010, subd. (a), italics omitted and added.)

The availability of attorney fees in a civil enforcement action is made reciprocal by section 1.17.020, subdivision (c) of the City's municipal code. That provision states: "Pursuant to California Government Code Section 38773.5(b), where the city makes a demand for the recovery of its attorneys' fees and costs at the initiation of a civil action commenced by the city under this chapter, *the prevailing party in said action shall be entitled to recovery of that party's attorneys' fees* in an amount not to exceed the amount of

6

reasonable attorneys' fees and costs incurred by the city in said action." (Perris Mun. Code, § 1.17.020, subd. (c), italics added.)

Dynamic argues that the attorney fee provisions in Chapter 1.17 of the City's municipal code, which we have italicized above, are applicable in this litigation. Dynamic argues that those provisions apply here because the City's notice that it was revoking Dynamic's conditional permits was equivalent to a civil enforcement action brought by the City to abate a public nuisance. Citing the principle that "violation of a city ordinance is a nuisance per se," Dynamic points out that the City's notice revoking the conditional permits "note[d] 'several possible violations of the Perris Municipal Code." Dynamic argues that "a fair determination of what occurred is that the City unilaterally declared Dynamic's business a nuisance and then 'revoked' the permits," but that "[r]ather than litigate the claimed nuisance, the City simply revoked the permit." According to Dynamic, "[t]his act was tantamount to bringing a nuisance action."

We are not persuaded by Dynamic's argument. Chapter 1.17 of the City's municipal code sets forth provisions that apply when the City files a civil enforcement action. The City plainly did not file a civil enforcement action against Dynamic. Instead, the instant lawsuit was commenced by Dynamic as a petition for writ of mandate and a complaint for declaratory relief to challenge the revocation of conditional permits issued by the City. Accordingly, the attorney fee provisions in Chapter 1.17 of the City's municipal code have no relevance here. As the trial court properly explained, the provisions that Dynamic cited from the City's municipal code were "inapposite" because "[t]his lawsuit does not involve any claim for abatement of a public nuisance."

Apart from relying on an inapplicable portion of the City's municipal code, Dynamic has not cited any other statutory or contractual provision that would justify an award of attorney fees in this action. Accordingly, the trial court properly denied Dynamic's motion for attorney fees.

Because we have concluded that no basis exists for an award of attorney fees to the prevailing party in this case, we need not, and do not, consider whether the trial court was within its discretion to deny Dynamic's motion for attorney fees on the additional ground that Dynamic was not a prevailing party.

## DISPOSITION

The order denying Dynamic's motion for attorney fees is affirmed. The City is awarded its costs on appeal.


IRION, J.

WE CONCUR:



McCONNELL, P. J.



CASTILLO, J.

8